UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

SAKAL ADVISORY LLC

                    Plaintiff,

        -against-

ANTHONY LUCAS DEBENEDICTIS

                    Defendant.

Case No.: 23-cv-20635-KMW

**DEFENDANT'S ANSWER TO
COMPLAINT AND
COUNTERCLAIMS**

Defendant Anthony Lucas DeBenedictis ("Defendant"), by his attorneys, Forchelli Deegan Terrana LLP., as and for its answer and defenses to the allegations in the Complaint (the "Complaint") of Plaintiff Sakal Advisory LLC("Plaintiffs"), states as follows:

## RESPONSE TO "NATURE OF THE ACTION"

1.      Paragraph 1 of the Complaint asserts legal conclusions as to which no response is required. To the extent that a response is required, Defendant admits that Plaintiff purports to seek the relief described in Paragraph 1 of the Complaint but Defendant denies that Plaintiff is entitled to any such relief. Defendant denies any remaining allegations contained in Paragraph 1 of the Complaint.

## RESPONSE TO "PARTIES"

2.      Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 2 of the Complaint.

3.      Defendant admits the allegation asserted in Paragraph 3 of the Complaint.

4.   Paragraph 4 of the Complaint asserts legal conclusions as to which no response is required. To the extent that a response is required, Defendant admits that Plaintiff purports to seek the relief described in Paragraph 4 of the Complaint, but Defendant denies any remaining allegations contained in Paragraph 4 of the Complaint.

## RESPONSE TO "JURISDICTION AND VENUE"

5.   Paragraph 5 of the Complaint asserts legal conclusions as to which no response is required. To the extent that a response is required, Defendant admits Plaintiff purports to invoke jurisdiction as set forth therein, and respectfully refers the court to the statute cited therein for a complete and accurate statement of its provisions.

6.   Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 6, except admits that Plaintiffs purport to lay venue as contained therein, and respectfully refers the Court to the statute cited therein for a complete and accurate statement of its provisions.

7.   Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 7 of the Complaint.

## RESPONSE TO "GENERAL ALLEGATIONS"

8.   Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 8 of the Complaint.

9.   Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 9 of the Complaint.

10.     Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 10 of the Complaint.

11.     Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 11 of the Complaint.

12.     Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 12 of the Complaint.

13.     Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 13 of the Complaint.

14.     Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15.     Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16.     Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17.     Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18.     Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19.     Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 19 of the Complaint.

20.     Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 20 of the Complaint.

21.     Paragraph 21 of the Complaint asserts legal conclusions as to which no response is required. To the extent that a response is required, Defendant denies any remaining allegations contained in Paragraph 21 of the Complaint.

22.     Paragraph 22 of the Complaint asserts legal conclusions as to which no response is required. To the extent that a response is required, Defendant denies any remaining allegations contained in Paragraph 22 of the Complaint.

23.     Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 23 of the Complaint.

24.     Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 24 of the Complaint.

25.     Paragraph 25 of the Complaint asserts legal conclusions as to which no response is required. To the extent that a response is required, Defendant denies deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 25 of the Complaint.

26.    Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 26 of the Complaint.

27.    Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 27 of the Complaint.

28.    Defendant admits his employment started with Plaintiff on or around August 2020 but denies the remaining allegations contained in Paragraph 28 of the Complaint.

29.    Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 29 of the Complaint and respectfully refers the Court to the contract referenced therein for a complete and accurate statement of its provisions.

30.    Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 30 of the Complaint and respectfully refers the Court to the contract referenced therein for a complete and accurate statement of its provisions.

31.    Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 31 of the Complaint, and respectfully refers the Court to the contract referenced therein for a complete and accurate statement of its provisions.

32.     Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 32 of the Complaint

33.     Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34.     Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35.     Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36.     Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 36 of the Complaint.

37.     Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 8 of the Complaint.

38.     Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 8 of the Complaint.

39.     Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 8 of the Complaint.

40.     Defendant admits the allegations in Paragraph 40 of the Complaint.

41.     Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42.     Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43.     Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44.     Defendant deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 44 of the Complaint.

45.     Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 45 of the Complaint.

46.     Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47.     Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 47 of the Complaint.

48.     Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 48 of the Complaint.

49.     Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50.     Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51.     Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52.     Defendant denies the allegations contained in Paragraph 52 of the Complaint.

### RESPONSE TO "CAUSES OF ACTION"

### RESPONSE TO "COUNT I: 18 U.S.C. § 1836(b)(3)(A)<br>MISAPPROPRIATION OF TRADE SECRETS<br>INJUNCTIVE RELIEF"

53.     Defendant incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully restated herein.

54.     Defendant admits that Plaintiff purports to seek the relief described in Paragraph 54 of the Complaint.

55.     Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56.     Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57.     Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58.     Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59.     Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60.     Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 60 of the Complaint.

61.     Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 61 of the Complaint.

62.     Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 61 of the Complaint.

63.     Defendant denies the allegations contained in Paragraph 63 of the Complaint.

64.     Defendant denies the allegations contained in Paragraph 64 of the Complaint.

65.     Defendant denies the allegations contained in Paragraph 65 of the Complaint.

66.     Defendant denies the allegations contained in Paragraph 66 of the Complaint.

67.     Defendant denies the allegations contained in Paragraph 66 of the Complaint.

## RESPONSE TO "COUNT II: 18 U.S.C. § 1836(b)(3)(A) MISAPPROPRIATION OF TRADE SECRETS DAMAGES"

68.     Defendant incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully restated herein.

69.     Defendant admits that Plaintiff purports to seek the relief described in Paragraph 69 of the Complaint.

70.     Defendant denies the allegations contained in Paragraph 70 of the Complaint.

71.     Defendant denies the allegations contained in Paragraph 71 of the Complaint.

## RESPONSE TO "COUNT III: BREACH OF FIDUCIARY DUTY DAMAGES"

72.     Defendant incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully restated herein.

73.     Defendant denies the allegations contained in Paragraph 73 of the Complaint.

74.     Defendant denies the allegation contained in Paragraph 74 of the Complaint.

75.     Defendant denies the allegations contained in Paragraph 75 of the Complaint.

76.     Defendant denies the allegations contained in Paragraph 76 of the Complaint.

77.     Defendant denies the allegations contained in Paragraph 77 of the Complaint.

78.     Defendant denies the allegation contained in Paragraph 78 of the Complaint.

79.     Defendant denies the allegations contained in Paragraph 79 of the Complaint.

80.    Defendant denies the allegations contained in Paragraph 80 of the Complaint.

## RESPONSE TO "COUNT IV: BREACH OF FIDUCIARY DUTY INJUNCTIVE RELIEF"

81.    Defendant incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully restated herein.

82.    Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 82 of the Complaint.

83.    Defendant denies the allegations contained in Paragraph 83 of the Complaint.

84.    Defendant denies the allegations contained in Paragraph 84 of the Complaint.

85.    Defendant denies the allegations contained in Paragraph 85 of the Complaint.

86.    Defendant denies the allegations contained in Paragraph 86 of the Complaint.

87.    Defendant denies the allegations contained in Paragraph 87 of the Complaint.

## RESPONSE TO "COUNT V: TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP"

88.    Defendant incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully restated herein.

89.     Defendants deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 89 of the Complaint.

90.     Defendant denies the allegations contained in Paragraph 90 of the Complaint.

91.     Defendant denies the allegations contained in Paragraph 91 of the Complaint.

## RESPONSE TO "COUNT VI: CONVERSION"

92.     Defendant incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully restated herein.

93.     Defendant denies the allegations contained in Paragraph 93 of the Complaint.

94.     Defendant denies the allegations contained in Paragraph 94 of the Complaint.

95.     Defendant denies the allegations contained in Paragraph 95 of the Complaint.

96.     Defendant denies the allegations contained in Paragraph 96 of the Complaint.

97.     Defendant denies the allegations contained in Paragraph 97 of the Complaint.

98.     Defendant denies the allegations contained in Paragraph 98 of the Complaint.

## RESPONSE TO "COUNT VII: THEFT OF TRADE SECRETS
## FLORIDA STATUE § 688.004
## DAMAGES"

99.     Defendant incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully restated herein.

100.    Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 100 of the Complaint, and respectfully refers the Court to the statute cited therein for a complete and accurate statement of its provisions.

101.    Defendant denies the allegations contained in Paragraph 101 of the Complaint.

102.    Defendant denies the allegations contained in Paragraph 102 of the Complaint.

103.    Defendant denies the allegations contained in Paragraph 103 of the Complaint.

104.    Defendant denies the allegations contained in Paragraph 104 of the Complaint.

105.    Defendant denies the allegations contained in Paragraph 105 of the Complaint.

106.    Defendant denies the allegations contained in Paragraph 106 of the Complaint.

107.    Defendant denies the allegations contained in Paragraph 107 of the Complaint.

## RESPONSE TO "COUNT VIII: THEFT OF TRADE SECRETS FLORIDA STATUE § 688.004 INJUNCTIVE RELIEF"

108. Defendant incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully restated herein.

109. Defendant denies the allegations contained in Paragraph 109 of the Complaint.

110. Defendant denies the allegations contained in Paragraph 110 of the Complaint.

111. Defendant denies the allegations contained in Paragraph 111 of the Complaint.

112. Defendant denies the allegations contained in Paragraph 112 of the Complaint.

113. Defendant denies the allegations contained in Paragraph 113 of the Complaint.

114. Defendant denies the allegations contained in Paragraph 114 of the Complaint.

## RESPONSE TO "COUNT IX: BREACH OF CONTRACT DAMAGES"

115. Defendant incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully restated herein.

116. Defendant denies the allegations contained in Paragraph 116 of the Complaint.

117.   Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 117 of the Complaint, and respectfully refers the Court to the contract referenced therein for a complete and accurate statement of its provisions.

118.   Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 118 of the Complaint, and respectfully refers the Court to the contract referenced therein for a complete and accurate statement of its provisions.

119.   Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 119 of the Complaint, and respectfully refers the Court to the contract referenced therein for a complete and accurate statement of its provisions.

120.   Defendant denies the allegations contained in Paragraph 120 of the Complaint.

121.   Defendant denies the allegations contained in Paragraph 121 of the Complaint.

122.   Defendant denies the allegations contained in Paragraph 122 of the Complaint.

123.   Defendant denies the allegations contained in Paragraph 123 of the Complaint.

## RESPONSE TO "COUNT X: BREACH OF CONTRACT INJUNCTIVE RELIEF"

124.    Defendant incorporates by reference its responses to all preceding paragraphs of the Complaint as if fully restated herein.

125.    Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 125 of the Complaint, and respectfully refers the Court to the contract referenced therein for a complete and accurate statement of its provisions.

126.    Defendant denies knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in Paragraph 126 of the Complaint, and respectfully refers the Court to the contract referenced therein for a complete and accurate statement of its provisions.

## RESPONDE TO "DEMAND FOR JURY TRIAL

Defendant demands a trial by jury on any claim or issue triable of right by jury.

## GENERAL DENIAL

Defendant denies each and every allegation in the Complaint to which Defendant has not specifically responded above, including but not limited to any allegations set forth in headings, subheadings, unnumbered paragraphs and subparagraphs.

## AFFIRMATIVE AND OTHER DEFENSES

Without admitting any allegations asserted in the Complaint, and expressly denying any and all wrongdoing, Defendant asserts the following affirmative and other defenses. Nothing stated in any of the following defenses constitutes a

16

concession that Defendant bears the burden of proof on any issue for which it would not otherwise bear such burden.

## FIRST DEFENSE

127.    The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

128.    Plaintiff's claims of trade secret misappropriation under the Defend Trade Secrets Act (DTSA) are barred in whole or in part because some or all of the information Plaintiff claims was misappropriated by Defendant does not constitute a "trade secret" as the term is defined by 18 U.S.C. § 1839(3) because it is not a "pattern," "plan," "compilation," "program device," "formula," "design," "prototype," "method," "technique," "process," "procedure," "program," or "code" entitled to protection under the DTSA.

## THIRD DEFENSE

129.    Plaintiff's claims of trade secret misappropriation under the Florida Uniform Trade Secret Act (FUTSA) are barred in whole or in part because some or all of the information Plaintiff claim was misappropriated by Defendant does not constitute a "trade secret" as the term is defined by subsection 688.002(4), Florida Statutes, because the information is not a "program," "device," "method," "technique," or "process" entitled to protection under the FUTSA.

## FOURTH DEFENSE

130.    Plaintiff's claims of trade secret misappropriation under both the DTSA and FUTSA are barred in whole or in part because some or all of the information Plaintiffs claim was misappropriated by Defendant does not constitute a "trade

secret" because the information lacks the requisite independent economic value derived from not being generally known or readily ascertainable through proper means. 18 U.S.C. § 1839(3); § 688.002(4), Fla. Stat.

## FIFTH DEFENSE

131.    Plaintiff's claims of trade secret misappropriation under both the DTSA and FUTSA are barred in whole or in part because some or all of the information Plaintiff claim was misappropriated by Defendant does not constitute a "trade secret" because the information is widely attainable using publicly available sources and/or is known outside of Plaintiff's business. 18 U.S.C. § 1839(3); § 688.002(4), Fla. Stat.

## SIXTH DEFENSE

132.    Plaintiff's claims of trade secret misappropriation under both the DTSA and FUTSA are barred in whole or in part because some or all of the information Plaintiff claim was misappropriated by Defendant does not constitute a "trade secret" because Plaintiffs did not take reasonable measures to maintain the information's secrecy. 18 U.S.C. § 1839(3); § 688.002(4), Fla. Stat.

## SEVENTH DEFENSE

133.    Plaintiff's claims of trade secret misappropriation under both the DTSA and FUTSA are barred in whole or in part because some or all of the information Plaintiff claim was misappropriated by Defendants does not constitute a "trade secret" because Plaintiffs do not own the information they claim was misappropriated by Defendant. 18 U.S.C. § 1839(3); § 688.002(4), Fla. Stat.

## EIGHTH DEFENSE

134.   Plaintiff's claims of trade secret misappropriation under both the DTSA and FUTSA are barred in whole or in part because, to the extent Defendant was provided with any trade secret information belonging to Plaintiff, Defendant did not know or have reason to know that the information was a trade secret or that it was acquired by improper means. 18 U.S.C. § 1839(3); § 688.002(2), Fla. Stat.

## NINTH DEFENSE

135.   Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff seeks equitable relief against Defendant because Plaintiff have an adequate remedy at law.

## TENTH DEFENSE

136.   Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff seeks injunctive relief against Defendant because of Plaintiff's unreasonable delay in seeking such relief. Plaintiff was admittedly aware of Defendant's allegedly actionable conduct in February 2022, and filed the present lawsuit in February 2023, but never sought any preliminary injunctive relief in connection with what Plaintiff claims to be unlawful conduct that will cause Plaintiff to suffer irreparable harm and if not enjoined, may "destroy" Plaintiff's business.

## ELEVENTH DEFENSE

137.   Plaintiff's claims of breach of contract are barred in whole or in part to the extent that Plaintiff breached the agreement first, including by failing to pay Defendant for their services, discharging Defendant of his obligation to perform.

## TWELFTH DEFENSE

138.    Plaintiff's tort claims are preempted by section 688.008, Florida Statutes.

## THIRTEENTH DEFENSE

139.    Plaintiff's claims of breach of contract are barred in whole or in part to the extent Plaintiffs suffered no damages from the breach of contract. A breach of contract is only actionable if Plaintiff suffered damages as a result of the breach.

## FOURTEENTH DEFENSE

140.    Plaintiff's claims of breach of contract are barred in whole or in part by the parole evidence rule.

## FIFTEENTH DEFENSE

141.    Plaintiff's claims of breach of contract are barred in whole or in part by the statute of fraud.

## SIXTEENTH DEFENSE

142.    Plaintiff's claims of tortious interference are barred in whole or in part because Defendant's actions did not cause the severance of any contracts or business relationships.

## SEVENTEENTH DEFENSE

143.    Plaintiff's tortious interference claim is barred in whole or in part because the wrongful conduct Defendants are alleged to have engaged in was undertaken using legally permissible means and in furtherance of Defendant's financial and economic interests.

## EIGHTEENTH DEFENSE

144. Plaintiff's claims are barred in whole or in part by the doctrine of laches.

## NINETEENTH DEFENSE

145. Plaintiff's claims are barred in whole or in part because Plaintiff's claimed damages were not legally or proximately caused by any act or omission of Defendant.

## TWENTIETH DEFENSE

146. Plaintiff's claimed damages, if any, were caused by the conduct and instrumentalities of third parties over which Defendant had no control or right of control, for whose actions or omissions Defendant cannot be held responsible.

## TWENTY-FIRST DEFENSE

147. Plaintiff's damages are barred, in whole or in part, by their failure to mitigate their damages.

## TWENTY-SECOND DEFENSE

148. Defendant is entitled to credits or offsets for any sum paid to Plaintiff by another party or non-party for any alleged damages incurred by Plaintiff, pursuant to applicable law, including section 768.31, Florida Statutes.

## RESERVATION OF RIGHTS

Defendant presently has insufficient knowledge or information upon which to form a belief as to whether additional, yet unstated, defenses may be warranted in this case. Defendant therefore reserves the right to assert such other and additional defenses that discovery and Defendant's continuing investigation indicate which may be appropriate and/or applicable in this case.

**WHEREFORE**, Defendant requests that:

A.      Plaintiff's Complaint be dismissed in its entirety with prejudice;

C.      Defendant be awarded its costs and attorneys' fees incurred in the defense of this action; and

D.      Defendant be awarded such other and further relief as the Court deems just and proper.

## COUNTERCLAIMS

Defendant and Counterclaim Plaintiff, Anthony Lucas DeBenedictis, for his counterclaims against Sakal Advisory, LLC ("Sakal" or "Plaintiff") state as follows:

## NATURE OF THE COUNTERCLAIM

149.    Defendant-Counterclaim Plaintiff brings this Counterclaim based on Plaintiff-Counterclaim Defendant Sakal's use of fraudulent and deceptive means to induce Mr. DeBenedictis to enter into an Employment Agreement, and Sakal's subsequent refusal to compensate Mr. DeBenedictis pursuant to its terms.

## JURISDICTION AND VENUE

150.    Jurisdiction is proper in this Court to the extent that supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

151.    This Court has personal jurisdiction over Sakal because the Employment Agreement contains a choice of law and forum selection clause whereby the parties expressly agreed that any disputes arising out of the Agreement must be brought in state or federal court in Florida. Moreover, Sakal has, by bringing the above-captioned lawsuit against Defendant, subjected itself to the jurisdiction of this Court. Accordingly, venue is also proper in this Court.

### DeBenedictis' Employment with Sakal

152.    Prior to his employment with Sakal, Mr. DeBenedictis resided in North Carolina with his wife and children.  There, Mr. DeBenedictis was employed as a sales manager for a software company as well as sold subscription memberships for a financial services website.

153.    On or around July 2020, Sakal's sales manager, Kris "Bort" Bortnovsky ("Bort"), sent Mr. DeBenedictis a message on LinkedIn asking Mr. DeBenedictis to call him to "catch up".  At the time, Bort and DeBenedictis were acquaintances from their time working in finance in the New York City.

154.    Bort and DeBenedictis had several conversations which included discussing DeBenedictis' existing relationship network of protentional investors and the opportunity for success that DeBenedictis would achieve by working for Sakal. Ultimately, Bort successfully convinced DeBenedictis to accept a position at Sakal and relocate to Florida with his family.

155.    In connection with his employment, Sakal required DeBenedictis to enter into an Employment Agreement which included the terms of DeBenedictis' compensation. Pursuant to the Employment Agreement, Sakal agreed to pay Mr. DeBenedictis $10,000.00 per month for the duration of his employment. Sakal's Employment Agreement defined this as DeBenedictis' "Base Compensation". In addition to this Base Compensation, DeBenedictis would receive discretionary quarterly bonuses and twenty percent of the firm's net profit share from investors DeBenedictis originated.

156.   DeBenedictis' employment with Sakal spanned from Augst 2020 to February 2022.  During that time, Sakal benefited from DeBenedictis' skills and experience in sales as well as gained access to DeBenedictis' pre-existing relationship network of investors.

157.   Despite gaining these benefits, Sakal failed to fully compensated DeBenedictis pursuant to the Employment Agreement. Routinely, Sakal failed pay DeBenedictis his Base Compensation.

158.   DeBenedictis ended his employment with Sakal in February 2022 following Bort's criminal indictment and the Securities and Exchange Commission's companion action.

159.   In addition to the unpaid waged owed to him from Sakal, DeBenedictis incurred damages having to relocate back to North Carolina.

## Bortnovsky Purposefully Conceals His Criminal Activity From DeBenedictis

160.   On January 6, 2022, the United States Attorney's Office for the District of Massachusetts ("USAO") indicted Bort and a co-defendant on one count of conspiracy to commit securities fraud and one count of securities fraud. *U.S. v. Bortnovsky and Shapiro*, Case No. 1:22-cr-10006.

161.   The USAO simultaneously announced that it had charged a third co-defendant with conspiracy to commit securities fraud and that he had agreed to plead guilty.

162.   Also on January 6, 2022, the Securities and Exchange Commission filed a complaint against Bort, Sakal Capital Management, LLC, Sakal U.S. Fund, LLC

(collectively the "Sakal Entities") and others alleging insider trading in one or more securities (the "SEC Action").

163.   While Bort and the Sakal Entities engaged in this unlawful conduct prior to convincing DeBenedictis to accept the position at Sakal and relocate to Florida, Bort purposefully withheld this information. Had Bort disclosed his and the Sakal Entities' unlawful actives to DeBenedictis, DeBenedictis would have refused his employment offer and relocation to another state.

164.   Upon information and belief, in March 2023, prosecutors in Bort's criminal case sought to revoke Bort's pre-trial release because Bort attempted to intimidate a cooperating witness for the government while the witness attend prayer at a synagogue.

165.   On or around November 29, 2022, the cooperating witness withdrew from his cooperation agreement and was later sentenced to more than a year in prison. A week after the cooperating witness's withdrawal from his cooperation agreement, Bort's criminal charges were dismissed *without prejudice*.

166.   Upon information and belief, the USAO has an ongoing criminal investigation into Bort resulting in a pending stay of the SEC Action.

## COUNT I BREACH OF CONTRACT

167.   Defendant repeats, realleges, and incorporate by reference, paragraphs 1 through 166 of this Counterclaim, as if set forth fully herein.

168.    The Employment Agreement by and between DeBenedictis and Sakal is a valid and binding contract and supported by adequate consideration.

169.   DeBenedictis has fully satisfied his obligations under the Agreement.

25

170.    Sakal had a duty to adhere to the provisions of the Employee Agreement.

171.    Sakal breached the Employee Agreement by failing to adhere to the compensation provisions of the Agreement.

172.    DeBenedictis suffered damages, in an amount exceeding $100,000.00 as a consequence of Sakal's breach of the Employee Agreement.

## COUNT II: FRAUDULENT INDUCEMENT

173.    Defendant repeats, realleges, and incorporates by reference, paragraphs 1 through 173 of this Counterclaim, as if set forth fully herein.

174.    Sakal omitted material information to DeBenedictis to induce his acceptance of employment and gain access to his pre-existing network of investors.

175.    Specifically, Sakal, through its manager, deliberately withheld Bort's involvement in a criminal conspiracy to commit securities fraud.

176.    As a direct and proximate cause of this material omission, DeBenedictis sustained damages which include costs associated with relocating back to North Carolina.

## PRAYER FOR RELIEF

**WHEREFORE**, having alleged these Counterclaims against Counterclaim Defendant Sakal Advisory, LLC., Counterclaim Plaintiff Anthony Lucas DeBenedictis pray that the Court award the following relief:

a.    Award damages, including compensatory and/or punitive damages, lost profits, all other appropriate damages, as well as attorneys' fees and costs in an amount to be determined at trial;

b.    Award attorneys' fees and costs incurred by counsel for Defendant in this action;

c.    and Grant any, other, or further relief as the Court may deem just and proper.

FORCHELLI DEEGAN TERRANA LLP

By: _____

    ANTHONY C. VARBERO
Florida Bar No.: 0124059
Attorneys for Defendant
333 Earle Ovington Boulevard, Suite 1010
Uniondale, New York 11553